Stephen **MENCHACA**, Petitioner–Appellant,

v.

Diana **BUTLER, Chief Deputy Warden; Attorney General, State of California,** Respondents–Appellees.

No. 00–55595.
D.C. No. CV–99–00565–GLT–E.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 23, 2001.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

### MEMORANDUM **

California state prisoner Stephen Menchaca appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition alleging that his Sixth Amendment right to trial counsel was violated due to a conflict of interest. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review the district court's decision to deny a 28 U.S.C. § 2254 habeas petition de novo. *Lockhart v. Terhune,* 250 F.3d 1223, 1228 (9th Cir.2001). But under the AEDPA, we may grant habeas relief only if the constitutional error resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court. *Id.*

Menchaca contends that there existed an actual conflict of interest during his trial for attempted murder of his wife because after trial but before sentencing, trial counsel was granted a motion for substitution under *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970). Menchaca asserts that counsel's request for substitution conclusively demonstrates an actual conflict that existed throughout the trial proceedings. Furthermore, Menchaca contends that the conflict resulted in counsel rejecting his proposed self-defense strategy and making certain admissions during closing and opening arguments, failing to investigate evidence to impeach his wife, and failing to further cross-examine a state witness.

To establish a Sixth Amendment violation based on a conflict of interest, Menchaca must show that trial counsel actively represented conflicting interests

and that this representation adversely affected counsel's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); *see also Bragg v. Galaza,* 242 F.3d 1082, 1086 (9th Cir.2001).

Without deciding the legal effect of trial counsel's declaration of conflict, in this case even assuming an actual conflict, no Sixth Amendment violation occurred because there was no adverse effect on the proceedings. *Cf. Bragg,* 242 F.3d at 1087. The government at trial presented statements of the victim, Menchaca's wife; Menchaca's own admissions; and physical evidence. Given the overwhelming evidence, trial counsel may have made a tactical decision to put forth a defense of lack of premeditation and deliberation, rather than the arguably weak self-defense theory proffered by Menchaca, and may have determined that impeachment of the victim was not good strategy. *See Lockhart,* 250 F.3d at 1232 (finding that where no tactical justification can be discerned for counsel's decisions, counsel was likely motivated by conflict); *Schell v. Witek,* 218 F.3d 1017, 1026–27 (9th Cir.2000) (conflicts arising over decisions that are committed to the judgment of the attorney and not the client, do not support a claim of deprivation of assistance of counsel).

Because Menchaca has not demonstrated any adverse effect, he has failed to show that the California Supreme Court's decision was contrary to, or involved an unreasonable application of, Supreme Court precedent. *See Lockhart,* 250 F.3d at 1228.

AFFIRMED.[1]

---

1. All outstanding motions are denied.